1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DONALD GLAUDE,

                          Plaintiff,

        v.

MACY'S INC., et al,

                          Defendants.

Case No.: 12-CV-5179-PSG

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**(Re: Docket No. 8)**

In this employment discrimination case, Defendants Macy's, Inc. ("Macy's"), Mary Sutton ("Sutton"), Tom Malsbary ("Malsbary"), Steve Cornwell ("Cornwell"), and Does 1 through 50 (collectively "Defendants") move to dismiss the complaint brought by Plaintiff Donald Glaude ("Glaude"). Defendants assert that this court lacks subject matter jurisdiction over the dispute and his claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, that Glaude failed to state a claim for which relief may be granted and his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Having considered the parties' papers and oral arguments, the court GRANTS Defendants motion to dismiss for lack of subject matter jurisdiction.

# I.     BACKGROUND

Unless otherwise noted, the court draws the following facts from Glaude's complaint. Glaude worked for Defendants as an engineer and was promoted to chief engineer in June 2006.[1] Defendants hired Glaude under the Collective Bargaining Agreement ("CBA") between Macy's and the International Union of Operating Engineers, Stationary Engineers, Local 39 ("IUOE").[2] As part of his duties as chief engineer, Glaude oversaw engineering operations in the North Bay and East Bay in the Northern California area.[3]   According to Glaude, throughout his time as Macy's employee, he met or exceeded performance expectations.[4]

The dispute between Glaude and Defendants arose in January 2010.  On January 21, 2010, Paul Shanks ("Shanks"), a painter-carpenter supervised by Glaude, reported to Glaude that Sutton and Tim Mannix ("Mannix") had wrongfully accused Shanks of activating a false alarm in Macy's Walnut Creek store.[5]   According to Glaude, in accusing Shanks directly, Sutton, a loss prevention director, and Mannix, who worked in human resources, failed to follow Macy's policy of referring employee misconduct to the employee's immediate supervisor.  In other words, Shanks' alleged misconduct should have been referred to Glaude and not handled by Sutton and Mannix.

Sutton and Mannix nevertheless attempted to get Shanks to confess that he had tampered with the alarm, despite Shanks request for a union representative pursuant to his Weingarten Rights.[6]   After Shanks informed Glaude of the Sutton and Mannix's accusation, Glaude

---

[1] *See* Docket No. 1-1 ¶ 1.

[2] *See id.* ¶ 13.

[3] *See id.* ¶ 14.

[4] *See id.* ¶¶ 46-49.

[5] *See id.* ¶ 15.

[6] *See id.* ¶ 18; *see NLRB v. J. Weingarten, Inc.*, 420 U.S. 251, 260 (1975) (upholding NLRB's rule that union members are entitled to union representation at investigatory interviews).

Case No.: C- 12-5179 PSG
ORDER                                    2

approached Sutton to complain about her handling of the alleged misconduct.[7]  He also began

investigating the source of the false alarm.[8]  According to Glaude, the results of his investigation

revealed that the false alarm resulted not from any action by Shanks but rather from a "smoke

sensor alarm located in the boiler room which had a vent that is exposed to the visual area."[9]

Despite Glaude's investigation supporting Shanks' assertion that he had not tampered with

the alarm, in February 2010 Malsbary and Cornwell – Glaude's supervisors – ordered Glaude to

discipline Shanks for setting off the alarm.[10]  Glaude refused.[11]

Glaude alleges that after he refused to discipline Shanks, Malsbary and Cornwell took steps

to retaliate against him.  First, in violation of an oral agreement with a former supervisor, in May

2011 Malsbary changed Glaude's district assignment from the Valley Fair store, which was nearer

to his home, to four more distant locations.[12]  Glaude also alleges that in December 2011 Malsbary

tampered with Glaude's payroll information.[13]

In February 2012, Glaude filed a complaint of discrimination with California's Department

of Fair Employment and Housing ("DFEH"), alleging that Malsbary and Cornwell had harassed

and retaliated against him for his refusal to discipline Shanks.[14]  On or about February 7, 2012,

DFEH issued Glaude a right-to-sue letter.[15]

---

[7] *See* Docket No. 1-1 ¶ 19.

[8] *See id.* ¶ 20.

[9] *See id.* ¶ 27(c).

[10] *See id.* ¶ 29.

[11] *See id.* ¶ 30.

[12] *See id.* ¶ 32.

[13] *See id.* ¶ 35.

[14] *See id.* ¶ 36.

[15] *See id.* ¶ 37.

Case No.: C- 12-5179 PSG
ORDER                                  3

**United States District Court**
For the Northern District of California

On March 8, 2012, Glaude learned he had been investigated for "violations of Macy travel policy and theft of company time."[16]  After being questioned regarding his activities, the loss prevention investigator leading the investigation informed Glaude that he would be suspended and have to return his computer, cell phone, and van.[17]  Glaude filed a grievance with the IUOU that he had been suspended without just cause.[18]  After Macy's terminated Glaude's employment, Glaude filed a subsequent grievance that he had been terminated without just cause.[19]

Glaude also filed a complaint in Santa Clara County Superior Court alleging six causes of action: (1) wrongful termination in violation of public policy; (2) retaliation; (3) breach of the implied contract not to terminate but for good cause; (4) breach of oral contract; (5) breach of the implied covenant of good faith and fair dealing; and (6) intentional infliction of emotional distress.[20]  Defendants removed the case to this court on the grounds that Glaude's state law claims are subject to the CBA and thus preempted by Section 301 of Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).[21]

Pursuant to Section 23(a) and (b) of the CBA, Glaude and Defendants have begun arbitration to resolve the dispute.

---

[16] See id. ¶ 39.

[17] See id. ¶ 41.

[18] See id. ¶ 42.

[19] See id. ¶ 43, 44.

[20] See id. ¶¶ 50-105.

[21] See Docket No. 1.

Case No.: C- 12-5179 PSG
ORDER                          4

## II.   LEGAL STANDARDS

**A.   Rule 12(b)(1)**

Pursuant to Fed. R. Civ. P. 12(b)(1), the court must dismiss an action if it lacks subject matter jurisdiction.  When a defendant brings a Rule 12(b)(1) motion, the burden shifts to the plaintiff to establish subject matter jurisdiction.[22]

Challenges to subject matter jurisdiction may be either facial or factual.[23]  A facial challenge tests the sufficiency of the complaint's allegations to establish federal subject matter jurisdiction, and the court must accept as true all of the factual allegations in the complaint.[24]  A factual challenge alleges a lack of subject matter jurisdiction regardless of the sufficiency of the complaint.[25]  For a factual challenge, the court may consider evidence outside of the complaint, and if the defendant produces evidence sufficient to challenge the court's subject matter jurisdiction, the plaintiff also must present evidence sufficient to support jurisdiction.[26]

**B.   Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[27]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[28]  A claim is facially plausible "when the pleaded factual content allows the court

---

[22] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

[23] *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[24] *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

[25] *See id.*

[26] *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

[27] Fed. R. Civ. P. 8(a)(2).

[28] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29]   Accordingly, under Fed.R.Civ.P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[30]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[31]   The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[32]   However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[33]   "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment."[34]

## III.   DISCUSSION

### A.   Rule 12(b)(1) Motion to Dismiss

Defendants assert that because the CBA contains an arbitration clause, the exclusive recourse for Glaude is in arbitration, not through claims filed in court.[35]   Put another way, Defendants argue that the arbitration clause divests the court of subject matter jurisdiction over any of Glaude's claims.[36]   Glaude responds essentially that it seems illogical that Defendants could

---

[29] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).

[30] *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir.1990).

[31] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1061 (9th Cir.2008).

[32] *See id.* at 1061.

[33] *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001); *see also Twombly,* 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[34] *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003).

[35] *See* Docket No. 8.

[36] *See id.*

Case No.: C- 12-5179 PSG
ORDER                                                              6

remove the case from state court to this federal court and then move for dismissal based on lack of subject matter jurisdiction.[37]

Although this court has subject matter jurisdiction pursuant to the LMRA over labor disputes subject to CBAs[38] – such that Defendants could properly remove the case from state court – the court loses its subject matter jurisdiction over any claims subject to a CBA arbitration clause.[39] The court's duty is to determine which, if any, of Glaude's claims fall within the reach of the CBA's arbitration clause.[40] Because arbitration is the proper forum for their resolution, the court then must dismiss those claims.

The Supreme Court has provided a framework for district courts to determine the arbitrability of claims.[41] "It is well settled in both commercial and labor cases that whether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination."[42] "[A] court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*."[43] The court must resolve any challenges to the applicability of the arbitration clause to a particular claim. Accordingly, "[w]hen there is no provision validly committing them to an arbitrator . . . these issues typically concern the scope of the arbitration clause and its enforceability."[44]

---

[37] *See* Docket No. 21.

[38] *See* 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties.")

[39] *See AT&T Tech., Inc. v. Commun. Workers of America*, 475 U.S. 643, 648-50 (1986) (explaining how arbitration clauses affect district courts' jurisdiction).

[40] *See id.; see also Granite Rock Co. v. Int'l Broth. of Teamsters*, 130 S. Ct. 2847, 2855 (2010).

[41] *See AT&T Tech., Inc.*, 475 U.S. at 648-50; *see also Granite Rock*, 130 S. Ct. at 2856.

[42] *Granite Rock*, 130 S. Ct. at 2855 (internal citations and quotations omitted).

[43] *Id.* at 2856 (emphasis in original).

[44] *Id.*

Case No.: C- 12-5179 PSG
ORDER                                    7

United States District Court
For the Northern District of California

If no dispute exists regarding the agreement to an arbitration clause, a presumption of arbitrability arises.[45] "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."[46]

There is no dispute that Glaude was hired subject to the CBA or that he was a member of the IUOU. Glaude and Defendants in fact already have begun arbitration proceedings because they could not reach a resolution regarding Glaude's grievance.[47] The only issue is whether Glaude's claims in this case fall within the reach of the CBA's arbitration clause.

The CBA between Macy's and the IUOU contains the following arbitration clause:

> Any and all disputes and grievances that may arise with reference to the provisions of this Agreement or the enforcement thereof, which cannot be settled directly by the Employer and the Union with two (2) business days, shall be referred to a Board of Adjustment upon written request of either party to the other. The Board of Adjustment shall consiste of two (2) representatives of the Union and two (2) representatives of the Employer and shall meet within forty-eight (48) hours of such notification or request. Disputes or grievances must be taken up by the Union with the Employer or by the Employer with the Union within thirty (30) calendar days of the occurrence thereof, and discharge or other disciplinary cases, including termination's [sic] for other than cause, must be taken up within five (5) working days from the date of the discharge, discipline or termination and if not settled within two (2) business days must be referred to the Adjustment Board immediately or the right to an adjustment board hearing or arbitration is lost. A decision by a majority of the Adjustment Board shall be final and binding upon all parties.
>
> In the event that any matter submitted to the Adjustment Board cannot be settled within five (5) working days, the matter shall thereupon be submitted to an impartial arbitrator. . . . The decision of the arbitrator shall be final and binding on all parties. . . . When arbitration proceedings have been decided upon, fifteen (15) days immediately thereafter shall be allowed for the presentation of the case to the arbitrator and the arbitrator shall render a written decision within thirty (30) days thereafter.[48]

---

[45] *See AT&T Tech., Inc.*, 475 U.S. at 650; *see also Granite Rock*, 130 S. Ct. at 2855.

[46] *Id.* at 650.

[47] *See* Docket Nos. 8, 21.

[48] *See* Docket No. 8-1 Ex. B, at 20.

Case No.: C- 12-5179 PSG
ORDER                              8

Defendants initially contend that because Glaude's first, second, third, fifth, and sixth claims arise out of his complaint that he was not fired for just cause, all of his causes of action fall within the arbitration clause and must be dismissed.[49]

Defendants are correct. Section 2(e) of the CBA states that "[t]he Employer shall not discharge or suspend any employee without just cause" and describes the various procedures the IUOU and Macy's will use with regards to employee discipline and termination.[50] Because Glaude premised his wrongful termination, retaliation, breach of the implied contract not to terminate but for good cause, breach of implied covenant of good faith and fair dealing, and intentional infliction of emotional distress causes of action on his alleged wrongful termination,[51] the court agrees that those claims fall within the arbitration clause. Although Glaude styles the claims as various obligations Defendants failed to meet when they terminated him, at the root of his causes of action is his termination and whether it was justified by cause. Because the CBA specifically governs termination of employees, Glaude's claims arising out of his wrongful termination fall within the arbitration clause's broad reach.

As to his fourth cause of action, breach of oral contract, Glaude premises his claim on an oral agreement with his former supervisor that his home office would remain at the Valley Fair mall.[52] Defendants point to Section 3(k) of the CBA, which governs reassignments of engineers among Macy's various buildings, to argue that this cause of action also falls within the arbitration clause.[53] In light of the language of Section 3(k), which establishes that upon mutual agreement

---

[49] *See* Docket No. 8.

[50] *See* Docket No. 8-1 Ex. B at 2.

[51] *See* Docket No. 1-1 ¶¶ 52, 63, 68, 71, 95, 96, 101.

[52] *See id.* ¶ 86.

[53] *See* Docket No. 8; Docket No. 8-1 Ex. B at 5.

Case No.: C- 12-5179 PSG
ORDER                                    9

United States District Court
For the Northern District of California

between Macy's and an engineer the engineer may be reassigned to another building,[54] Defendants are correct that Glaude's complaint essentially implicates the provisions of this section.  Especially in light of the broad presumption of arbitrability, the court finds Glaude's fourth cause of action thus falls within the CBA's arbitration clause.

Because the court has determined that all of Glaude's claims fall within the CBA's arbitration clause, the court must dismiss those claims.  Arbitration is the proper recourse for his complaint.  The court also finds that Glaude could not amend his claims to create subject matter jurisdiction, especially in light of the CBA's broad arbitration clause.  Accordingly, Glaude's claims are dismissed with prejudice.[55]

### IV.     CONCLUSION

Glaude's claims are subject to the CBA's arbitration clause.  Accordingly, the court has no subject matter jurisdiction to hear his claims.  Defendants' motion to dismiss is GRANTED.  Glaude's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:   December 3, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[54] *See* Docket No. 8-1 Ex. B at 5.

[55] Having dismissed all of Glaude's claims for lack of subject matter jurisdiction, the court does not need to address Defendants' alternative motion to dismiss pursuant to Rule 12(b)(6).

Case No.: C- 12-5179 PSG
ORDER                         10